IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 98-0029-WS |
| | ) | |
| **WILLIE JAMES COLEMAN, III,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on defendant's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 474).

Effective November 1, 2011, the United States Sentencing Commission enacted Amendment 750 to the United States Sentencing Guidelines. In general, and with certain exceptions, Amendment 750 operates as a downward ratchet on the penalty structure for crack cocaine offenses to reduce the guideline ranges for various drug quantities, such that the base offense level associated with particular crack cocaine quantities may fall by two or more levels. The Commission has deemed certain portions of this amendment to apply retroactively, with an effective date of November 1, 2011. *See* U.S.S.G. § 1B1.10(c). Through his Motion, defendant seeks to avail himself of the modified guidelines scheme for crack cocaine offenses effectuated by Amendment 750. Pursuant to 18 U.S.C. § 3582(c)(2), the Court is empowered to reduce defendant's sentence under these circumstances. *See generally United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) ("amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10(c)").

After review of defendant's Motion and all relevant factors prescribed by § 1B1.10 and Application Note 1(B) to same, the Court has determined that a reduction of sentence based on the amended guideline range may be appropriate in this case. The Judgment entered in this case on July 28, 1998, imposed a sentence of 360 months. That sentence was derived from underlying findings that the base offense level was 38 (given the factual determination at sentencing that Coleman was responsible for more than 1.5 kilograms of crack cocaine), that a

two-level firearm enhancement and a four-level leader/organizer enhancement were appropriate, that a three-level reduction for acceptance of responsibility was warranted, and that Coleman had a criminal history category of V. In light of these determinations, defendant's guideline range at the time of his original sentencing was 360 months to life. The sentencing judge selected a low-end sentence for the stated reason that Coleman had cooperated with authorities.

According to the revised guidelines calculation prepared by the United States Probation Office, defendant's new calculated guidelines range is 324 to 405 months after retroactive application of Amendment 750.[1] Imposing a comparable low-end sentence in this case would yield a sentence of 324 months. Unless either party files a written objection on or before **March 14, 2012**, the Court will enter an order reducing defendant's term of imprisonment to **324 months**.

In his Motion, Coleman urges the Court to lower his sentence below his revised guidelines range, reasoning that (i) § 3582 authorizes a greater sentence reduction than that provided by Amendment 750; (ii) the Court is free to disregard the Commission's policy statements on a § 3582(c)(2) motion; (iii) *Booker* and *Kimbrough* authorize further reduction in defendant's sentence; and (iv) U.S.S.G. § 1B1.10 is void. Petitioner is incorrect. It is well-settled that "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see also United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010) ("Over the years, we have often stressed the limited nature of section 3582(c)(2) proceedings."). Here, the judicial power to modify Coleman's sentence stems exclusively from 18 U.S.C. § 3582(c)(2), which provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission … the court may reduce the term of imprisonment … *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*." 18 U.S.C. § 3582(c)(2)

---

[1] In calculating this range, the Court applies a new base offense level of 34, which now corresponds to the 1.5 kilograms of crack cocaine for which Coleman was held responsible at the original sentencing hearing. After applying the same enhancements and reductions applied in that original sentencing hearing, the new total offense level is 37, with a criminal history category of V. That combination yields a guidelines range of 324 to 405 months.

(emphasis added). It is black-letter law that "[t]he district court [is] only permitted under § 3582(c)(2) to reduce [a defendant]'s sentences consistent with the applicable policy statements of the Sentencing Commission." *United States v. Melvin*, 556 F.3d 1190, 1193 (11th Cir. 2003); *see also Jackson*, 613 F.3d at 1310 ("A potential sentence reduction must be consistent with applicable policy statements issued by the Sentencing Commission.").

In light of these principles, appellate precedents have uniformly and emphatically rejected arguments of the sort made by Coleman here that the express statutory limitations on § 3582(c)(2) relief set forth in that provision may be ignored as non-binding or invalid. *See, e.g., Dillon v. United States*, --- U.S. ----, 130 S.Ct. 2683, 2692, 177 L.Ed.2d 271 (2010) ("Given the limited scope and purpose of § 3582(c)(2), we conclude that proceedings under that section do not implicate the interests identified in *Booker*."); *United States v. Douglas*, 576 F.3d 1216, 1219 (11th Cir. 2009) ("[t]his Court has expressly held that … if the defendant's original sentence was within the then-applicable guidelines range, at resentencing, the district court has no discretion to impose a sentence below the amended guidelines range"); *United States v. Smith*, 568 F.3d 923, 929 (11th Cir. 2009) ("The district court was bound by the policy statement contained in U.S.S.G. § 1B1.10(b)(2)(A) that, in considering an 18 U.S.C. § 3582(c)(2) motion, it may not reduce a sentence below the amended guideline range."); *Melvin*, 556 F.3d at 1192 ("We agree with those circuits that have held that *Booker* and *Kimbrough* do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission."). Therefore, insofar as Coleman is requesting a sentence reduction below the low end of the new guidelines range after taking into account the four-level reduction to his offense level authorized by Amendment 750, U.S.S.G. § 1B1.10, and § 3582(c)(2), his Motion is **denied**.

**DONE** and **ORDERED** this 14th day of February, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE